## Yocum v. Smithfield-Juniata Joint School District

*Robert B. Simpson* and *Samuel H. Stewart*, for plaintiff.

*Schock & Mullen*, for defendant.

HIMES, P. J., July 8, 1955.—Plaintiff filed a petition for declaratory judgment and an answer was filed by defendant. Testimony was taken September 1, 1954, and counsel for all parties, acting in the belief that the interests of their respective clients would be served better by withholding any determination of the matter until the close of the 1954-55 school year, suggested to the court that final determination be delayed.

As a result of the efforts of counsel as well as by virtue of the exercise of commendable restraint on the part of the litigants themselves, transportation for the school year 1954-55 was handled by plaintiff petitioner to the satisfaction of defendant school district.

The dispute between the parties arose during the school year 1953-54, when plaintiff refused to continue to travel a certain route *which was not specified in the schedule attached* to the contract between the *parties.* Inasmuch as it was imperative to provide transportation for pupils, the school district made other arrangements for the transportation of pupils over the route in question, thereby incurring an expense of $410, which sum was deducted from the contract price defendant school district had agreed to pay to plaintiff.

Plaintiff in his petition prayed for an adjudication which would entitle him to recover the sum of $410. In the answer filed by defendant school district there is a prayer that the court enter a decree declaring that the contract has been breached by plaintiff, and that therefore he has forfeited all rights under same.

Plaintiff contends that he performed all the transportation services defendant school district was entitled to demand, and that defendant school district could not require him to furnish transportation over

any route that was not set forth in the schedule attached to the contract, and in support of this contention plaintiff relies upon the first paragraph of the contract which provides as follows:

". . . the contractor agrees to provide transportation . . . to and from such points, along and over such routes, and at the times set forth in the schedule attached hereto and made a part thereof for the school years" (as listed in the contract).

The disputed route over which defendant school district demanded that plaintiff continue to furnish transportation was not set forth in the schedule, but to furnish transportation for this disputed route plaintiff would not have been required to travel either total mileage or mileage over unimproved roads in excess of that set forth in the schedule.

Defendant school district contends that by virtue of paragraph 7 of the contract, it had the right to determine the route from time to time in accordance with the transportation needs of the school district. Paragraph 7 of the contract provides as follows:

"The route over which the bus travels and the bus stops shall be determined by the Board and may be modified as occasion demands. The operator shall not deviate from the designated route except by written consent of the Board."

The contract covers a period of three years and provides for the transportation of pupils in a rural section of Huntingdon County. Families move and pupils are graduated, with the result that transportation may be required over a certain route one year, and over another route the following year. The plain object of such contracts is to provide transportation for pupils and, despite the ambiguity which arises from reading the almost contradictory provisions of paragraph 1, the schedule, and paragraph 7, it is the opinion of this court that the proper interpretation of the entire con-

tract, having especially in mind the disputed portions, leads to the conclusion that defendant school district is empowered to alter, change or amend routes listed in the schedule from time to time in accordance with the school district's determination of the current needs of transportation for pupils.

When, in the midst of the school year 1953-54, plaintiff refused to transport pupils over the disputed route, he failed to comply with the obligation imposed upon him by the contract, and therefore plaintiff is not entitled to recover the sum of $410 from defendant school district. This sum was paid by the school district elsewhere in order to provide the transportation which it was plaintiff's duty under the contract to furnish.

It is the opinion of this court that under the terms of the contract plaintiff contractor is under a duty to travel such routes and to pick up such pupils as may be determined from time to time by defendant school district, subject to the qualification that the school district may not require plaintiff contractor to travel mileage over unimproved roads in excess of the mileage set forth in the schedule, nor under any circumstances require the contractor to travel mileage in excess of the total mileage set forth in the schedule, and subject to the further qualification that the school district may not require the contractor to transport pupils in any bus listed in the schedule in excess of the bus seating capacity as listed in the schedule. Neither may the school district require the contractor to furnish transportation equipment different from that specified in the schedule.

Counsel for defendant school district has withdrawn the prayer that the court enter a decree declaring that plaintiff has forfeited all rights under the contract, indicating that this action has been brought about due to the satisfactory manner in which plaintiff performed transportation services during the school year 1954-55.

Consequently, it is unnecessary to discuss the effect of plaintiff's breach.

In view of the foregoing the court enters the following

### Decree

Now, July 8, 1955, it is hereby ordered, adjudged and decreed that the contract between the parties shall remain in effect for the duration of the term specified therein, to be construed in accordance with this opinion. The record costs of this proceeding are to be paid by plaintiff.